IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS THOMAS,

     Petitioner,

v.                         CASE NO. 4:17-cv-44-RH-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

     This case is before the Court on the Amended Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2254, stemming from Petitioner's

convictions for burglary of a dwelling, felony battery, and criminal mischief

with under $200 in damages. (ECF No. 5.)  Respondent has filed a

response and appendix with relevant portions of the state-court record,

arguing that the Amended Petition should be denied. (ECF No. 28.)

Petitioner has not filed a reply and the time for doing so has expired. The

Petition is therefore ripe for review. Upon due consideration of the

Amended Petition, the response, and the state-court record, the

undersigned recommends that the Amended Petition should be denied.[1]

## **State-Court Proceedings**

Petitioner was charged by Information on September 1, 2011, with three counts: (1) burglary of a dwelling with person assaulted, in violation of Fla. Stat. § 810.02(2)(a); (2) felony battery, in violation of Fla. Stat. § 784.03(2); and (3) criminal mischief with under $200 in damages, in violation of Fla. Stat. § 806.13(1)(b)1. (ECF No. 28-2 at 10.) That same day the State also filed a notice of intent to seek enhanced sentencing as a Prison Releasee Reoffender ("PRR") under Fla. Stat. § 775.082(9). (*Id.* at 21.)

Petitioner proceeded to trial on February 16, 2012. (ECF No. 28-4.) The jury found Petitioner guilty of burglary of a dwelling (a lesser-included offense) on count one, and guilty as charged on counts two and three. (ECF No. 28-2 at 36–37.)[2] On February 22, 2012, Petitioner was sentenced as a PRR to fifteen years imprisonment with credit for 205-days time served on count one, 205-days time served on count two, and 60-

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2] Proceedings on the felony battery charge were bifurcated. After finding that Petitioner committed a battery upon the victim, in a separate proceeding, the jury found he had previously been convicted of battery. (ECF No. 28-2 at 36–41.)

days time served on count three, with the sentences for counts two and

three to run concurrent to the sentence imposed in count one. (*Id.* at

47–56, 69.)

Petitioner filed his notice of appeal on February 27, 2012. (*Id.* at

57–58.) Petitioner, through counsel, raised one issue on direct appeal: The

State's evidence was legally insufficient to sustain a conviction of burglary

and battery because the State failed to overcome Petitioner's reasonable

hypothesis of innocence and because prior inconsistent statements are

insufficient evidence as a matter of law. (ECF No. 28-5.) The State filed an

answer brief, followed by Petitioner's reply. (ECF No. 28-6; ECF No. 28-7.)

On July 17, 2013, the First District Court of Appeal ("First DCA") per curiam

affirmed without written opinion and the mandate followed on August 2,

2013. (ECF No. 28-8.)

On March 4, 2014, Petitioner filed a *pro se* motion for postconviction

relief under Fla. R. Crim. P. 3.850 (ECF No. 28-23.) The state circuit court

dismissed the motion on April 3, 2014, as facially insufficient because the

motion did not contain the certification required by Fla. R. Crim. P.

3.850(n)(2). (ECF No. 28-24.) Petitioner then filed an amended motion for

postconviction relief on April 7, 2014, in which he raised ten grounds for

relief (grounds A through J). (ECF No. 28-25.) On October 7, 2014, the

circuit court struck grounds F, G, H, and I of the amended motion as legally insufficient with leave to amend. (ECF No. 28-26.)

Petitioner then filed a second amended motion for postconviction relief on December 2, 2014. (ECF No. 28-27.) On February 25, 2016, however, the circuit court struck ground J of the second amended motion as legally insufficient with leave to amend. (ECF No. 28-28.) Petitioner then filed a third amended motion for postconviction relief on March 15, 2016. (ECF No. 28-29.) The circuit court summarily denied the third amended motion for postconviction relief on April 22, 2016. (ECF No. 28-30.) Petitioner did not appeal.

During the pendency of his 3.850 postconviction proceedings, Petitioner also filed a *pro se* motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a) on November 13, 2014. (ECF No. 28-9 at 1–19.) In that motion Petitioner argued that the State lacked jurisdiction to prosecute Petitioner because the charging information lacked Petitioner's name in each individual charge, which according to Petitioner, constituted fundamental error and denied him the right to due process. (*Id.*) The circuit court summarily denied the motion on April 22, 2016. (*Id.* at 20.) Petitioner filed a notice of appeal, challenging the final order summarily denying his

Rule 3.800(a) motion, and thereafter filed a *pro se* initial brief in the First

DCA. (*Id.* at 22.) The arguments Petitioner raised in his initial brief,

however, were unrelated to the validity of the charging information—which

was the only claim raised in his Rule 3.800(a) motion.[3] (ECF No. 28-10.)

The First DCA per curiam affirmed without written opinion on September

30, 2016, and thereafter denied Petitioner's motion for rehearing. (ECF No.

28-12 at 2; ECF No. 28-13.) The mandate followed on February 8, 2017.

(ECF No. 28-12 at 3.)

Meanwhile, Petitioner filed a second *pro se* motion to correct illegal

sentence under Rule 3.800(a) on April 18, 2015 ("second Rule 3.800(a)

motion"), arguing that his sentence was illegal because the State failed to

present a prima facie case to find Petitioner guilty of battery and burglary.

(ECF No. 28-14 at 20–22.) The circuit court summarily denied the motion

on May 10, 2016. (*Id.* at 36.) Petitioner filed a notice of appeal, challenging

the final order summarily denying his second Rule 3.800(a) motion, and

thereafter filed a *pro se* amended initial brief in the First DCA. (*Id.* at

---

[3] In the section entitled "Statement of the Case," Petitioner argued (1) he was
subjected to double jeopardy by being charged with burglary of an occupied dwelling
and battery, and (2) the State violated his right to due process by failing to place his
name within each count on the charging information. (ECF No. 28-10 at 6.) The
remainder of his brief, however, presented three wholly unrelated arguments: (1) trial
counsel was ineffective for failing to impeach the victim; (2) the State failed to produce
sufficient evidence to find him guilty of each charge; and (3) trial counsel was ineffective
for failing to object to the jury instruction pertaining to the jury verdict form. (*Id.* at 7–15.)

37–38; ECF No. 28-17.)[4] The First DCA per curiam affirmed without written opinion on January 17, 2017, and the mandate followed on February 14, 2017. (ECF No. 28-19.)

While Petitioner's 3.850 and 3.800(a) postconviction motions were pending, Petitioner also filed a *pro se* petition for writ of habeas corpus in the First DCA on August 6, 2015, alleging ineffective assistance of appellate counsel on direct appeal. (ECF No. 28-20.) On August 26, 2015, the First DCA per curiam denied the petition on the merits without further explanation, and thereafter denied Petitioner's motion for rehearing on October 15, 2015. (ECF No. 28-21; ECF No. 28-22.)

Petitioner filed his original Petition in this Court on January 17, 2017. (ECF No. 1.) He then filed the instant Amended Petition ("Petition") on February 15, 2017. (ECF No. 5.)

## **Scope of Federal Habeas Review**

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28

---

[4] Petitioner's amended initial brief was identical to his initial brief on appeal from the denial of his first *pro se* motion to correct illegal sentence, (ECF No. 28-10), but lacked pages five and six and added two additional arguments: (1) trial counsel was ineffective for failing to object to improper impeachment; and (2) fundamental error. (ECF No. 28-17.)

U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id.* at 1302, 1306.

In accordance with § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim

already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see also* § 2254(e)(1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions

demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006) (section 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404–06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. at 362). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412–13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning

nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill*, the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. 633 F.3d at 1288 (citing *Harrington v. Richter*, 562 U.S. 86 (2011); *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 562 U.S. at 98). The Supreme Court, however, has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.*

at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to

carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's]

inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a

strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult

for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Discussion

### Ground One: The State's evidence was not insufficient to sustain convictions for burglary and felony battery.

Petitioner argues in ground one that the State's evidence was legally insufficient to sustain convictions for burglary and felony battery.

As a threshold matter, Respondent contends that Petitioner is not entitled to seek federal habeas relief for his felony battery conviction because he no longer satisfies the "in custody" requirement for that conviction. Respondent further argues that ground one presents a state law claim for which Petitioner is not entitled to federal habeas relief.

Even assuming Petitioner satisfies the "in custody" requirement for his felony battery conviction, ground one is insufficiently pleaded. Petitioner offers no facts in support of his claim, nor does he suggest how the evidence was insufficient to sustain convictions for burglary and felony battery. Although Petitioner references his "attached memorandum of law," his memorandum is nothing more than a list of state law cases without any argument applying the cases to his claim. (ECF No. 7.)

Notwithstanding these deficiencies, ground one fails to raise a federal constitutional issue on which habeas relief can be granted. Nothing in ground one (or his purported memorandum of law) references federal law or the Constitution, nor does ground one suggest that Petitioner's rights were somehow violated under federal law or the Constitution.

Petitioner says ground one is the same claim that was raised on direct appeal. (ECF No. 5 at 9.) Petitioner's notice of appeal, Petitioner's brief on direct appeal, and his reply, however, were based entirely upon state law and do not suggest that Petitioner's constitutional rights were violated. Likewise, the State's answer brief was based entirely upon state law and nothing in the First DCA's per curiam affirmance suggests that the claim was presented (or considered) as a federal one. Petitioner is therefore not entitled to federal habeas relief on ground one.

### Ground Two: Trial counsel did not render ineffective assistance by failing to object to the burglary jury instruction.

In ground two Petitioner contends trial counsel rendered ineffective assistance by failing to object to the burglary jury instruction because Petitioner had express permission from the victim to visit their child. Petitioner says the victim swore to this fact via affidavit prior to trial. Petitioner says that counsel should have presented the victim's sworn

statement to the jury.

Respondent argues that this claim is unexhausted because Petitioner did not present the allegations pertaining to the victim's affidavit to the state courts and Petitioner nevertheless failed to appeal the denial of this claim to the First DCA. Respondent also contends that the claim is without merit. The Court agrees.

Petitioner argued in ground A of his third amended motion for postconviction relief that trial counsel rendered ineffective assistance by failing to object to or otherwise challenge the burglary instruction because Defendant had express permission from the alleged victim to visit their child. Petitioner did not allege in ground A, however, that the victim confirmed via affidavit prior to trial that Petitioner had permission to visit their child, nor did Petitioner allege that counsel should have submitted the affidavit into evidence for the jury to consider. Thus, to the extent Petitioner's instant claim is premised in part upon counsel's alleged failure to present the victim's affidavit to the jury, that portion of the claim is unexhausted and procedurally defaulted.

A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir.

2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453. To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have

convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not provided any explanation for his failure to present his allegations pertaining to the victim's affidavit to the state courts. The Court therefore need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice."). Nor does Petitioner's claim involve any new evidence upon which no reasonable juror would have convicted him. *See Mize*, 532 F.3d at 1190. He therefore has not demonstrated cause and prejudice for the default or a fundamental miscarriage of justice to excuse his procedural default.

Furthermore, although Petitioner presented the remaining portion of this claim to the circuit court in ground A of his third amended motion for postconviction relief, Petitioner did not appeal the circuit court's denial of ground A. Petitioner therefore did not properly exhaust this claim. *See O'Sullivan*, 526 U.S. at 845 (exhaustion requires a prisoner to invoke one complete round of the State's appellate review process); *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial.").

Ground two is also procedurally defaulted because Petitioner cannot return to state court at this juncture to exhaust this claim. Petitioner has not provided any explanation for his failure to appeal the circuit court's denial of this claim and thus, has not demonstrated the requisite cause or prejudice to excuse his default. Nor does this claim involve newly discovered evidence to meet the fundamental miscarriage of justice exception.

Alternatively, even assuming Petitioner had properly exhausted this claim or his procedural default could be excused, Petitioner is not entitled to habeas relief because ground two is without merit.

As the circuit court explained, the trial judge instructed the jury that the State must prove beyond a reasonable doubt that Petitioner was not licensed or invited to enter the structure. (ECF No. 28-2 at 28; ECF No. 28-4 at 120; ECF No. 28-30 at 2.) The licensed or invited entry affirmative defense instruction requires the jury to find that the defendant was not invited or licensed to enter the premises. *Pilafjian v. State*, 210 So. 3d 738, 740 (Fla. Dist. Ct. App. 2017) (citing Fla. Std. Jury Instr. (Crim.) 13.1; *In re Standard Jury Instructions in Criminal Cases–Report No. 2014–08*, 176 So. 3d 938, 945–46 (Fla. 2015)). The jury instruction therefore included the licensed or invited entry affirmative defense instruction. Accordingly, there

was no reason for counsel to object to the burglary jury instruction.

Counsel cannot be ineffective for failing to object to a jury instruction that was correct and fully included Petitioner's defense of consensual entry. Nor could Petitioner have been prejudiced by counsel's failure to object to a jury instruction that included the licensed or invited entry affirmative defense instruction. Ground two should be denied.

### Ground Three: Trial counsel did not render ineffective assistance by failing to object to the battery jury instruction.

For starters, ground three is insufficiently pleaded. Petitioner offers no facts in support of his claim, nor does he suggest why counsel should have objected to the battery jury instruction or how he was prejudiced by counsel's failure to object.[5]

The Court notes, however, that ground B of Petitioner's third amended motion for postconviction relief asserted ineffective assistance by trial counsel for failing to object to the battery jury instruction "because there was no physical []or circumstantial evidence to suggest that the crime of battery had occurred." (ECF No. 28-29 at 5.) Even assuming Petitioner's instant claim is the same claim raised in ground B of his third amended

---

[5] Although Petitioner references page 109, lines 13–15 of the trial transcript, that portion of the transcript merely consists of the following exchange: "The Court: All right. Battery, any objection to the instruction on battery? Mr. Bracey: No, Your Honor." (ECF No. 28-4 at 110.)

motion for postconviction relief, the claim is unexhausted and procedurally defaulted.

The circuit court denied ground B on the merits because "the instruction for battery was not objectionable." (ECF No. 28-30 at 3.) The circuit court further explained that Petitioner's "claim that there was no evidence to support a battery conviction is refuted by the record. . . . . While the victim testified that she 'bent into his finger,' the other evidence adduced allowed the jury to reasonably infer that Defendant intentionally battered her." (*Id.*) As discussed, because Petitioner did not appeal the denial of this claim to the First DCA he did not properly exhaust this claim in the state courts. *See O'Sullivan*, 526 U.S. at 845; *Leonard*, 601 F.2d at 808.

This claim is also procedurally defaulted because he cannot return to state court at this juncture to exhaust this claim. Petitioner also has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse his default for the same reasons set forth in ground two.

Alternatively, even assuming Petitioner had exhausted this claim or his procedural default could be excused, and further assuming Petitioner meets the "in custody" requirement to seek habeas relief on his felony battery conviction, his claim is without merit.

The trial judge instructed the jury that "[t]o prove the crime of Battery, the State must prove beyond a reasonable doubt that Travis Thomas intentionally touched or struck Janea Robinson against her will or intentionally caused bodily harm to Janea Robinson." (ECF No. 28-2 at 29–30; ECF No. 28-4 at 123.) As the state court concluded, this instruction was correct. (ECF No. 28-30 at 3); *see* § 784.03(1)(a); Fla. Std. Jury Instr. (Crim.) 8.3. Notably, the instruction mirrored the battery instruction included in the Florida Standard Jury Instructions in Criminal Cases and approved by the Florida Supreme Court. *See* Fla. Std. Jury Instr. (Crim.) 8.3.

Moreover, to the extent Petitioner claims counsel should have objected to the instruction because the evidence was insufficient to support a battery conviction, insufficiency of the evidence is not a basis to object to a jury instruction. Notably, the trial judge previously denied counsel's motion for judgment of acquittal. (ECF No. 28-4 at 113–14.)

There was no reason for counsel to object to the battery jury instruction and Petitioner therefore could not have been prejudiced by counsel's failure to object. Accordingly, ground three should be denied.

***Ground Four: Trial counsel did not render ineffective assistance by failing to file a timely motion to dismiss all charges.***

In ground four Petitioner claims trial counsel should have filed a motion to dismiss all charges because the information did not name Petitioner in each individual charge.

Petitioner presented this claim in ground C of his third amended motion for postconviction relief. (ECF No. 28-29 at 5–6.) The circuit court denied the claim because it was "wholly without merit and frivolous, as the information includes Defendant's name in the heading." (ECF No. 28-30 at 3.) Petitioner did not appeal the denial of this claim to the First DCA. Accordingly, this claim is unexhausted and procedurally defaulted for the same reasons discussed regarding ground two.

Even assuming this claim was exhausted or Petitioner's procedural default could be excused—which it cannot—it is nevertheless without merit. As the state court noted, the charging information named Petitioner in the heading. (ECF No. 28-2 at 10.) The charging information then charged "the above-named defendant(s)" with each individual count. (*Id.*) Thus, the information properly charged Petitioner in each individual count and there was no basis for counsel to file a motion to dismiss the charges. Counsel could not have rendered deficient performance by failing to file a

frivolous motion, nor could Petitioner have been prejudiced by counsel's

failure to file a frivolous motion. Ground four therefore should be denied.[6]

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue

or deny a certificate of appealability when it enters a final order adverse to

the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section

2254 Cases.

The undersigned finds no substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

---

[6] In the section of the court-approved petition form entitled "Grounds Not Previously Raised," Petitioner failed to check either the "Yes" or "No" box, but responded to the subsequent question "If so, state the reason(s)," with the following: "Trial counsel was ineffective for failing to challenge/object to trespass instructions please see page 109 lines 11–12 of Petitioner['s] trial transcript that is on the face of the merits of Petitioner's claims." (ECF No. 5 at 25.)

It is unclear whether, based on this section, Petitioner was attempting to raise a fifth ground for relief in the instant Petition. Regardless, Petitioner did not properly present this as an additional claim with supporting facts and his claim would therefore be insufficiently pleaded. Moreover, after Petitioner filed the instant Petition the Court informed Petitioner on multiple occasions that his Petition only presents four grounds for relief. (ECF Nos. 38, 42, 44.) The Court repeatedly advised Petitioner that if he wished to present additional grounds for relief—beyond the four raised in the instant Petition—that he was required to file a motion for leave to amend and the proposed amended petition on the proper court-approved petition. (ECF Nos. 17, 23, 31, 38, 40, 42, 44, 46.) Petitioner, however, failed to do so.

473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court

may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either

party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the

Amended Petition for Writ of Habeas Corpus, ECF No. 5, should be

**DENIED**, and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 17th day of July 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.