# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

TRAVIS THOMAS,

      Petitioner,

v.                                CASE NO.  4:17cv44-RH/GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

      Respondent.

_____/

## ORDER DENYING THE AMENDED PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

This amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 47. No objections have been filed. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

The petitioner Travis Thomas's first claim is that he was convicted on insufficient evidence. Leaving aside procedural defects, the easy answer is that the evidence was sufficient. Whether Mr. Thomas was guilty of the charged offenses was a classic jury question.

Second, after issuance of the report and recommendation, Mr. Thomas moved for leave to file a second amended petition. The magistrate judge denied the motion. Mr. Thomas has not objected, and the deadline for objections has passed.

The denial of leave to file the second amended petition was proper and in any event made no difference. The second amended complaint included the same four claims as the first amended petition and added new claims. The new claims are unfounded on the merits. And the new claims are either (1) closely enough related to the four original claims that, as a practical matter, the merits of the new claims were considered and rejected as part of the ruling on the first amended petition or (2) unrelated to the four original claims and thus untimely. To be sure, a claim that relates back is not always sufficiently related to earlier claims to establish that rejection of the earlier claims on the merits means the new claim would also be rejected on the merits—but that is the case on the specific claims asserted here.

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, a federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86 (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012). No purpose would be served by repeating here all the analysis set out in the many cases.

To the extent Mr. Thomas raised his new claims in state court—that is, to the extent he exhausted his claims as required—the state court rejected the claims on grounds that were not contrary to, and did not involve an unreasonable application of, clearly established federal law, and that were not based on an unreasonable determination of the facts. *See* ECF No. 28-30 at 1–6.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a

> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were " 'adequate to deserve
> encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a

certificate of appealability when dismissal is based on procedural grounds, a

petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

Mr. Thomas has not made the required showing. This order thus denies a

certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The amended petition is denied

with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on September 7, 2018.

s/Robert L. Hinkle
United States District Judge